UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHRISTOPHER CROW, TODD RAY, NADINE
LENTS, JESSICA FRIEDMAN, and LEIF
FRIEDMAN,

    Plaintiffs,

vs.                                             Case No.  3:12-cv-1088-J-99MMH-MCR

FLAGLER HEALTH CARE SYSTEM, INC., and
FLAGLER HOSPITAL INC. a/k/a FLAGLER
HOSPITAL,

    Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendants' Motion to Strike Plaintiffs' Expert Witness Reports (Doc. 21) filed July 8, 2013.  Plaintiffs filed a Response in Opposition to Defendants' Motion on July 22, 2013 (Doc. 23).  After receiving leave of the Court (Docs. 25, 28), Defendants' filed a Reply to Plaintiff's Response (Doc. 26) and Plaintiffs' filed a Sur-Rely (Doc. 30).  Accordingly, this matter is now ripe for judicial review.

**I.    BACKGROUND**

This case arises under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973.  See (Doc. 1).  On May 31, 2013, Plaintiffs submitted the expert witness reports of Dr. Christy L. Monaghan, P.h.D.  See (Doc. 21-5).  Upon review, Defendants found that Dr. Monaghan's reports failed to comply with

-1-

the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), and sent a letter to Plaintiffs' counsel highlighting specific deficiencies in the reports.  See (Doc. 21-B).

On June 11, 2013, Plaintiffs provided Defendants with a supplemental to Dr. Monaghan's reports, attempting to cure the deficiencies outlined in Defendants' letter. See (Doc. 21-C).  Upon review of the supplement, Defendants still found Plaintiffs' expert reports to be deficient and on June 19, 2013, sent a second letter requesting additional supplementation.  See (Doc. 21-D).  To date, Plaintiffs have not provided Defendants an addition supplement.

On July 8, 2013, Defendants filed the instant Motion seeking to strike Plaintiffs' expert witness reports and to bar Dr. Monaghan from providing testimony with respect to the matters covered in the reports.  (Doc. 26, pp. 4-5).  In response, Plaintiffs contends that Dr. Monaghan's reports, and supplement thereto, satisfy the requirements of Federal Rule 26(a)(2)(B).  (Doc. 23, p. 8).

**II.   ANALYSIS**

The relevant portions of Federal Rule 26(a)(2)(B) require that an expert's report must contain the following:

(i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)  the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Here, the Court concludes that Dr. Monaghan's reports, and supplement thereto, fail to comply with the requirements of Federal Rule of Civil Procedure 26.[1]  See (Docs. 21-3, 5); see also Fed. R. Civ. P. 26(a)(2)(ii)-(iii).  As such, Plaintiffs will be directed to produce a supplement to their expert witness reports.[2]

Federal Rule of Civil Procedure 37(c)(1) states that if a party fails to provide the information required by Federal Rule 26, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Hewitt v. Liberty Mut. Group, Inc., 268 F.R.D. 681, 682 (M.D. Fla. 2010) citing Fed. R. Civ. P. 37(c)(1).  Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request."  Bodden v. Cole, 2012 WL 33051, *1 (M.D. Fla. 2012) (citations omitted).

Plaintiffs have provided specific examples as to why they believed the reports and supplement supplied to Defendants satisfied the requirements of Federal Rule of Civil Procedure 26.  See (Docs. 23, 30).  Although the Court disagrees, certainly reasonable people could differ as to whether Plaintiffs attempted to comply.  In addition,

---

[1] For example, the supplement states that the facts or data considered by Dr. Monaghan in forming the opinions contained within the initial reports included "[t]est results obtained from the administration of Woodcock-Johnson Tests of Achievement III subtests ... [c]linical observations of linguistic patterns and functioning levels of each patient ... [and,] research literature regarding ADA and provision of services to individuals with hearing loss."  (Doc. 21-C, p. 2). However, these explanations fail to clarify what literature Dr. Monaghan based her opinions on.  In addition, the referenced test results were not attached to the report.

[2] Specifically, the supplement *must* include: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; and (iii) any exhibits that will be used to summarize or support them.  See Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

an extension of the discovery and dispositive motions deadlines would resolve any prejudice allegedly suffered by Defendants.[3]  See Zaki Kulaibee Establishment v. McFliker, 2011 WL 1327145, *4 (S.D. Fla. 2011).  As such, Rule 37 sanctions are not warranted.  See OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1365 (11th Cir. 2008) (holding the district court abused its discretion in excluding plaintiff's expert testimony given all the factual circumstances in the case, as the record failed to support Plaintiffs engaged in willful or "stonewalling" delay as to the written report of its expert).[4]

### III.  CONCLUSION

Accordingly, after due consideration, it is

**ORDERED**:

1.  Defendants' Motion to Strike Plaintiffs' Expert Witness Reports (Doc. 21) is **DENIED**.

---

[3]  As an alternative to striking to Plaintiffs' expert reports and excluding Dr. Monaghan's testimony, Defendants request an extension of time to provide their expert reports and an extension of the discovery and dispositive motions deadlines. (Doc. 21, p. 11).  Plaintiffs do not oppose this request.  (Doc. 23, p. 11).

[4]  The Court further finds that an award of attorneys' fees is not warranted at this time. However, the Court reminds the parties of the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  See United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958).  Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion requiring judicial intervention.  S.L. Sakansky & Assocs. v. Allied Am. Adjusting Co. of Fla., LLC, 2007 U.S. Dist. LEXIS 52633, 2007 WL 2010860, *1 (M.D. Fla. 2007).  Furthermore, according to the Middle District guidelines, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2001) at 1.  Upon review of the filings, the Court concludes that the issues raised herein could likely have been resolved without judicial involvement had the parties communicated in a more effective manner.  The Court will not hesitate to impose sanctions in the future.

      2.      Plaintiffs' must provide Defendants with a supplement to their expert witness reports with complies with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) no later 8/22/2013.  Defendants shall provide their expert reports within fourteen (14) days of receiving Plaintiffs' supplement, or by September 5, 2013, whichever date is sooner.

      3.      Discovery due by 9/25/2013.  Dispositive motions due by 10/25/2013.  All other deadlines shall remain in effect.

**DONE AND ORDERED** in Jacksonville, Florida this __8th__ day of August, 2013.

                                            MONTE C. RICHARDSON
                                            UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record